BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT PENSION TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS VACATION SAVINGS PLAN TRUST; and TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT APPRENTICESHIP TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCON FLOORING, INC., a Nevada corporation; MARK M. BALOGH, an individual; CARL T. POSTMA, an individual; and DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>Defendants. | Case No. 2:09-cv-01967-HDM-RJJ<br><br>ORDER GRANTING<br>**STIPULATION FOR ENTRY OF JUDGMENT BY CONFESSION AND PERMANENT INJUNCTION** |

Plaintiffs, the Trustees of the Cement Masons and Plasterers Health and Welfare Trust, Trustees of the Cement Masons and Plasterers Joint Pension Trust, Trustees of the Cement Masons and Plasterers Vacation Savings Plan Trust and Trustees of the Cement Masons and Plasterers Joint Apprenticeship Training Trust (collectively "Trust Funds"), and the Defendants,

20031\76\1411186.1                    1

Arcon Flooring, Inc. ("Arcon"), Mark M. Balogh ("Balogh"), Carl T. Postma ("Postma") and Developers Surety and Indemnity Company ("Developers") (collectively "Defendants"), hereby Stipulate and Agree, as follows:

1. This Stipulation for Entry of Judgment by Confession ("Stipulation") is entered into by and between the above-named parties to settle and conclude certain legal disputes relating to fringe benefit contributions and contract damages owed to the Trust Funds by Arcon pursuant to 29 U.S.C. § 1001 et seq. of the Employee Retirement Income Security Act of 1974 ("ERISA").

2. Arcon is signatory to and bound by the terms of a collective bargaining agreement ("Labor Agreement") with the Operative Plasterers and Cement Masons International Association, Local No. 797 ("Union"), in which Arcon agreed to abide by the trust agreements establishing the respective Trust Funds and any amendments thereto ("Trust Agreements").

3. Under these Agreements, Arcon is obligated to timely remit certain contributions to the Trust Funds on behalf of Arcon's bargaining unit employees represented by the Union.

4. Based on remittance reports prepared and submitted by Arcon for the months of October 2008 through April 2010, Arcon is indebted to the Trust Funds for payment of delinquent contributions and resulting ancillary costs.

5. Balogh and Postma (collectively the "Fiduciary Defendants") are the officers and/or managing members of Arcon. As officers and/or managing members, the Fiduciary Defendants have control over whether Arcon pays the contributions it owes to the Trust Funds.

6. The contributions become Trust Fund assets as of the date they are due to the Trust Funds.

7. By virtue of the Fiduciary Defendants' possession and control of employee benefits, the Fiduciary Defendants are each a "fiduciary" under ERISA.

8. As ERISA fiduciaries, the Fiduciary Defendants have a duty to make the Trust Funds whole for all delinquent contributions and resulting ancillary costs that are due or may become due from Arcon.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

9. A Judgment by Confession and Permanent Injunction ("Judgment") shall be entered in favor of the Trust Funds and against Defendants for the sum of Eighteen Thousand Eight Hundred Seventy-Six and 40/100 Dollars ($18,876.40), which includes known claims for unpaid principal contributions, interest, attorney's fees and court costs for the months of October 2008 through April 2010 and is subject to the terms, conditions and payment obligations contained in said Judgment.

10. This Stipulation is conditioned by certain and specific terms contained within the Judgment executed contemporaneously herewith and incorporated herein by this reference, as though fully set forth hoc verba.

Dated: July 13, 2010.           BROWNSTEIN HYATT FARBER & SCHRECK

/s/ Xanna Hardman
Xanna R. Hardman, Esq.
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off: (702) 382-2101
Fax: (702) 382-8135
*Counsel for Plaintiffs*

Dated: July 12, 2010.           ELLSWORTH MOODY & BENNION, CHTD.

Andrew D. Smith, Esq.
7881 W. Charleston Boulevard, Suite 210
Las Vegas, Nevada 89117
Off: (702) 658-6100
Fax: (702) 658-2502
*Counsel for Defendants*

Andrew S. Brignone
Nevada Bar No. 751
Xanna R. Hardman
Nevada Bar No. 9579
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off:   (702) 382-2101
Fax:   (702) 382-8135
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT PENSION TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS VACATION SAVINGS PLAN TRUST; and TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT APPRENTICESHIP TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCON FLOORING, INC., a Nevada corporation; MARK M. BALOGH, an individual; CARL T. POSTMA, an individual; and DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>Defendants. | Case No. 2:09-cv-01967-HDM-RJJ<br><br>**JUDGMENT BY CONFESSION AND PERMANENT INJUNCTION** |

Pursuant to the express Stipulation for Entry of Judgment by Confession and Permanent Injunction ("Stipulation") between the parties hereto, the terms of which are incorporated herein by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.  Plaintiffs, the Trustees of the Cement Masons and Plasterers Health and Welfare Trust, Trustees of the Cement Masons and Plasterers Joint Pension Trust, Trustees of the Cement

20031\76\1411186.1                                             1

Masons and Plasterers Vacation Savings Plan Trust and Trustees of the Cement Masons and Plasterers Joint Apprenticeship Training Trust (collectively "Trust Funds"), shall take Judgment by Confession ("Judgment") against the Defendants, Arcon Flooring, Inc. ("Arcon"), Mark M. Balogh ("Balogh"), Carl T. Postma ("Postma") and Developers Surety and Indemnity Company ("Developers") (collectively "Defendants"), in the sum of Eighteen Thousand Eight Hundred seventy-Six and 40/100 Dollars ($18,876.40) ("Judgment Amount"), which includes known unpaid contributions for the months of October 2008 through April 2010. Defendants shall pay the Trust Funds the Judgment Amount on or before July 12, 2010.

2. The Judgment Amount shall be paid to the Trust Funds as third party beneficiaries of Arcon's collective bargaining agreement ("Labor Agreement") with the Operative Plasterers and Cement Masons International Association, Local No. 797 ("Union"), in which Arcon agreed to abide by the trust agreements establishing the respective Trust Funds and any amendments thereto ("Trust Agreements").

3. Upon the Trust Funds' timely receipt and negotiation of the Judgment Amount, (i) liquidated damages in the sum of Two Hundred Ninety-Seven Thousand One Hundred Fifty-Six and 93/100 Dollars ($297,156.93) shall be waived ("Liquidated Damages Waiver") and (ii) the Trust Funds' claims against Defendant Developers shall be dismissed without prejudice. In the event Defendants fail to remit the Judgment Amount on or before July 12, 2010, the Liquidated Damages Waiver shall be deemed revoked, Defendants shall be obligated to pay all such Liquidated Damages to the Trust Funds, and the Judgment Amount shall be immediately increased by the amount of the Liquidated Damages Waiver, except that Defendant Developers shall be liable only to the extent of the bond.

4. During such periods as Arcon may be signatory to a Labor Agreement with the Union, Arcon shall remain current and submit timely monthly reports and payments of contributions to the Trust Funds ("Permanent Injunction"). Arcon shall remit accurate reports and contribution payments to the Trust Funds for the period beginning with the month of May 2010 (due on or before June 30, 2010), through the effective period of the Labor Agreement. In the event Arcon shall fail to abide by the terms of this Permanent Injunction, the Trust Funds may

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

immediately seek to recover any amounts due as provided in paragraph 6 hereafter and Defendants Balogh and Postma (collectively the "Fiduciary Defendants"), as ERISA fiduciaries, shall be jointly and severally liable, together with Arcon, for any and all delinquent contributions and resulting ancillary costs that may be due.

5. All payments required by this Judgment, the Labor Agreement or related claims shall be credited first to ancillary costs and charges, including interest, liquidated damages (except with respect to the Liquidated Damages Waiver as set forth above), audit costs, attorney's fees and court costs, and lastly to principal contributions, without regard to the Trust Funds' discretion to fund employee benefits in whole or in part with such payments. The payments shall be made payable to the "Cement Masons Joint Trust Funds" and shall be remitted to the Trust Funds' at the address or location designated on the Trust Funds' monthly remittance report forms, or at such other location as Defendants are notified in writing.

6. Should Defendants fail to satisfy any of the conditions in this Judgment and Permanent Injunction, written notice of default ("Notice") shall immediately be delivered to Defendants c/o Andrew D. Smith, Ellsworth Moody & Bennion, Chtd., 7881 West Charleston Boulevard, Suite 210, Las Vegas, Nevada 89117, or at such other location as Plaintiffs are notified in writing. If Defendants thereafter fail to make the required payment(s) or otherwise fail to comply with the conditions of this Judgment within five (5) business days of the date of such Notice, the Trust Funds shall have the unconditional and immediate right to execute on this Judgment and Stipulated Injunction for whatever amount then remains due and owing, without further notice to Defendants or Order from the Court. In the event of default and failure to cure, the Judgment Amount shall be immediately increased by any additional claims accrued and owed by Defendants to the Trust Funds pursuant to this Judgment (except with respect to the Liquidated Damages Waiver as set forth in paragraph 3 above provided that the Judgment Amount is timely paid as set forth in paragraph 1 above) and the new Judgment Amount shall continue to accrue interest at a rate of fourteen percent (14%) until paid in full. In the event the Trust Funds should discover additional claims pursuant to an audit or Arcon should fail to timely submit reports and payments of contributions to the Trust Funds as provided in the Labor Agreement and Paragraph

4 above, the amount of such claims may be added to this Judgment. The amount of such additional obligations may be established by affidavit of the Trust Funds' administrator or other representative.

7. Should the Trust Funds determine that their statutory collection remedies related to their claims under this Judgment and Permanent Injunction may be lost or materially compromised without pursuing formal claims, including lien claims pursuant to NRS 108, general (original) contractor claims pursuant to NRS 608.150, bond claims, etc., the Trust Funds may take reasonable steps and employ customary legal procedures to preserve and pursue any such remedies and claims. During the period of this Permanent Injunction and in order to assist Arcon in timely complying with its obligations under this Judgment and Permanent Injunction, the Trust Funds agree to take any reasonable steps necessary to assist Arcon in collecting payments from Arcon's general contractors, including entering into joint check arrangements with Arcon's general contractors and issuing status letters to Arcon's general contractors upon timely receipt of payments from Arcon; however, nothing in this provision shall waive or excuse Arcon's obligation to make timely payments as provided in paragraphs 1 and 4 of this agreement.

8. Nothing in this Judgment shall, or shall be deemed to, in any manner limit, waive or release the obligations under the Labor Agreement of Arcon and any trades or businesses under common control with Arcon, if any.

9. No waiver of any breach by Defendants of this Judgment nor acceptance of a late payment or waiver of a timely payment by the Trust Funds shall constitute a waiver of any other breach or timely payment or the right of the Trust Funds to accelerate the entire amount due or the right of the Trust Funds to record, enter and execute upon the Stipulation and this Judgment.

10. The following potential claims are expressly reserved by the Trust Funds: (i) any Trust Fund claims unrelated to the Judgment amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trust Funds for additional contributions and related damages that may be (or become) due and owing to the Trust Funds pursuant to the provisions of any collective bargaining agreement to which Arcon may be bound that requires the payment of contributions to the Trust Funds, other than the Labor Agreement

between Arcon and the Union; (ii) the obligation of Arcon or any trade or business under common control of Arcon (to the extent Arcon or any trade or business under common control with Arcon has any obligation) to pay, and the rights of the pension funds to assess and collect, withdrawal liability pursuant to 29 U.S.C. §1381 et seq. (including use of Arcon's contribution history for purposes of calculating any withdrawal liability); (iii) any additional claims discovered by compliance Audit for any past, present or future Audit period; (iv) any claims for untimely paid contributions arising after April 2010; and (v) any general contractor claims pursuant to NRS 608.150, lien claims pursuant to NRS 108, pay and performance bond claims, licensing bond claims and any other ERISA or state law claim enforceable by the Trust Funds.

11. In the event of the filing of any bankruptcy petition by Defendants, any payments made by Defendants pursuant to the terms of this Judgment shall be deemed to have been made for new value as provided under 11 U.S.C. § 547(c)(1) and in the ordinary course of Defendants' business as provided under 11 U.S.C. § 547(c)(2), so that such payments shall not be claimed by Defendants as preference under 11 U.S.C. § 547 or otherwise.

12. Defendants have consulted an attorney of their choice and fully understand the obligations and consequences of this Judgment.

Dated and Done this 14th day of July, 2010.

_____
U.S. DISTRICT COURT JUDGE

Approved as to Form and Content:

ARCON FLOORING, INC.

By: _____   Dated: July 13, 2010.
Mark M. Balogh, its President

MARK M. BALOGH

By: _____   Dated: July 13, 2010.

CARL T. POSTMA

By: _____   Dated: July 13, 2010.

20031\76\1411186.1                          5

```
 1
 2   ELLSWORTH MOODY & BENNION, CHTD.
 3   By: [signature]                    Dated: July 12, 2010.
     Andrew D. Smith, Esq.
 4   Attorneys for Defendants
 5
     Approved and Submitted by:
 6
     Brownstein Hyatt Farber Schreck, LLP
 7
 8   By: /s/ Xanna Hardman              Dated: July 13, 2010.
     Xanna R. Hardman, Esq.
 9   Attorneys for the Trust Funds
10
```

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20031\76\1411186.1                    6

OATH AND VERIFICATION

STATE OF NEVADA )
: ss.
COUNTY OF CLARK )

Mark M. Balogh, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2. The money due and owing and the basis for said Judgment by Confession are accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by Confession.

Further you affiant sayeth naught.

_____
Mark M. Balogh

Subscribed and Sworn before me
this 13 day of July, 2010.

_____
Notary Public



Sarah Roney
Notary Public
State of Nevada
Appt. No. 10-1501-1
My appt. expires Feb. 3, 2014

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20031\76\1411186.1    7

OATH AND VERIFICATION

STATE OF NEVADA      )
                     : ss.
COUNTY OF CLARK      )

Carl T. Postma, being first duly sworn upon oath, now verifies and declares that:

1.      Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2.      The money due and owing and the basis for said Judgment by Confession are accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by Confession.

Further you affiant sayeth naught.

_____
Carl T. Postma

Subscribed and Sworn before me
this __13__ day of July, 2010.

_____
Notary Public

```
Sarah Roney
Notary Public
State of Nevada
Appt. No. 10-1501-1
My appt. expires Feb. 3, 2014
```

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20031\76\1411186.1                           8